**Lawrence R. POLINER, M.D.**

v.

**TEXAS HEALTH SYSTEMS, et al.**

No. 3–00–CV–1007–P.

United States District Court,
N.D. Texas,
Dallas Division.

June 29, 2001.

Michael A. Logan, Karin Marshall Zaner, Jeffrey Scot Seeburger, Kane Russell Coleman & Logan, Dallas, TX, for plaintiff.

Russell Hendrix Roden, Gwinn & Roby, Dallas, TX, for defendants.

## ORDER

SANDERSON, United States Magistrate Judge.

Pursuant to the District Court's order of reference filed on April 11, 2001, on May 23, 2001, came on to be heard Plaintiff's Motion to Compel Discovery filed on April 10, 2001, and having considered the relevant pleadings and the statements of counsel for the parties,. the court finds and orders as follows:

At issue is Plaintiff's attempt to obtain—via the deposition of Dr. James Knochel—information with respect to the conduct of the peer review committee, whose decision ultimately resulted in Plaintiff's privileges to perform cardiac procedures being suspended for a limited period of time. In response to inquiries propounded at his deposition Dr. Knochel asserted privilege claims on the basis of confidentiality afforded to peer review materials under the Health–Care Quality Improvement Act of 1986 (42 U.S.C. § 11101, et seq) and the provisions of the Texas Occupations Code § 160.007(a).

In cases predicated solely on Texas state law, the Texas supreme court has held that such information and related records are privileged and not subject to discovery. *See Irving Healthcare System v. Brooks*, 927 S.W.2d 12 (Texas.1996); *Memorial Hospital—The Woodlands v. McCown*, 927 S.W.2d 1 (Tex.1996). However, Plaintiff's complaint in this action also alleges a federal antitrust claim. On May 10, 2001, the District Court denied Defendants' motion to dismiss Plaintiff's complaint and therefore the Texas supreme court's decisions are not determinative of the scope of discovery.[1]

■ Upon review and consideration of the Health–Care Quality Improvement Act (HCQIA), the magistrate judge concludes that this statute does not create an inviolate bar to discovery of materials relating to peer review committees. *Accord, See Robertson v. Neuromedical Center*, 169 F.R.D. 80, 83–84 (M.D.La.1996). Further, were such a

privilege recognized, it would effectively foreclose a wrongfully disciplined physician from being able to show that a peer review committee acted with malice because he would be precluded from showing that the data on which the committee acted did not support the sanction imposed.

■ Although the areas of discovery which Plaintiff seeks to pursue are not barred or trumped by a cognizable privilege, it does not follow that no restrictions should be imposed on the scope of discovery and the dissemination of information so obtained. Notwithstanding the absence of a federally recognized privilege, it is clear that Congress recognized that peer review materials are sensitive and inherently confidential, and that confidentiality serves an important public interest. *See* 42 U.S.C. § 11101; *see also United States v. Harris Methodist Fort Worth*, 970 F.2d 94, 103 (5th Cir.1992). To allow an aggrieved physician unfettered access to such materials, merely by alleging a cognizable federal claim, would be inimical to these Congressional findings and would chill a peer physician's willingness to serve on a review committee and to candidly assess the subject doctor's competence or lack thereof. Further, such disclosure would invade the privacy and confidentiality interests of those persons, whose medical records were considered in the course of the peer review process.

Under such circumstances it is appropriate to grant Plaintiff's motion to compel, but with appropriate restrictions in recognition of the confidentiality interests expressed by Congress and those of affected patients.

IT IS, THEREFORE, ORDERED that Plaintiff's motion is granted in part as follows:

1. Plaintiff may obtain any records of patients who were under his care, which were reviewed and considered by members of the peer review committee. However, any information which identifies or otherwise reveals

---

1. However, such a motion is decided solely on the pleadings and does not portend the disposi-

tion of any subsequently filed motion for summary judgment which Defendants might file.

the identity of such a patient will be redacted from any records produced by Defendants.[2]

2. Plaintiff may obtain any credentialing records which he provided to the hospital and/or any other such records obtained and reviewed by the peer review committee.

3. Plaintiff may obtain any recording or transcription, if any, of any meeting of the committee while he was in attendance or in the absence of such records those portions of any written document purporting to contain statements made in his presence during the course of any meeting.[3] Plaintiff may depose any person who was present at any such meeting as to any matters which transpired while Plaintiff was in attendance.[4]

4. Plaintiff, through counsel, may obtain discovery on any additional matters not described in paragraphs 1 through 3, *supra*, on the following matters:

a. The testimony of any peer review committee members relating to any additional materials reviewed and considered by members of the committee in recommending sanctions, including any deliberations by the committee and any written memoranda of such deliberations.

b. Any written memoranda prepared or obtained by any member of the committee which relates information bearing on Plaintiff's competence and/or testimony

from any peer review committee member relating to this topic.

c. Any written or oral appraisal of a third party (not a member of the committee) of the committee's processes or conclusion reached, made prior to or after the committee made its final recommendation.

IT IS FURTHER ORDERED that any discovery obtained pursuant to paragraphs 1 through 3, *supra*, will not be disclosed to persons other than the parties, their counsel, the parties' retained experts, or the authors and/or recipients of such information and will be used solely in the prosecution and defense of this action, unless modified by agreement or on further order of the court.

IT IS FURTHER ORDERED that any discovery obtained pursuant to paragraph 4, *supra*, will not be disclosed to any persons other than Plaintiff's counsel and any retained expert of Plaintiff.[5] Disclosure to any outside retained expert will be permitted only upon such expert's acknowledgment of the expert's understanding of the terms of this order and such expert's agreement to abide by the same. In the event that any materials so obtained are filed of record in this action, such materials and any reference to the same in any accompanying pleadings will be filed under seal. The protective terms of this paragraph may be modified by

---

2. By resort to his own records Plaintiff should be able to identify the individual patients whose records were reviewed.

3. The court's order presupposes that there is written documentation on the topics addressed in this order. However, it is possible that no such documents exist.

4. In order to avoid repetition of depositions of persons described in paragraph 3, Plaintiff may be present during the portions of such persons' depositions while the scope of inquiry relates to matters described in such paragraph, but he will not be permitted to be present during those portions of a deposition which relate to the matters described in paragraph 4.

5. The critical determination—as it relates to Plaintiff's claims against the hospital and the individual members of the peer review committee—is whether the committee's actions were with or without malice. It is well settled that a plaintiff alleging discrimination in any employ-

ment context may not rely on his own subjective belief to establish a cognizable claim of discrimination. In precluding Plaintiff, himself, from access to discovery obtained in paragraph 4, *supra*, the court has considered the policy objections contained in the Congressional findings. 42 U.S.C. § 11101. On the other hand, by permitting access to such information by Plaintiff's counsel and any retained expert, Plaintiff will be able to make a showing, if appropriate, that the committee's decision was not objectively reasonable and/or that it was malicious.

Concomitantly Plaintiff's anti-trust claim may be informed by the information which his counsel and any retained expert will be privy to. It is not surprising that the members of the peer review committee practice in the same area of specialization as does Plaintiff. Whether the decision of the committee was based on the members' specialized training or whether it was based on their desire to get rid of a "competitor" will largely depend on the objective evidence on which the committee relied in reaching their decision.

agreement of the parties or on further order of the court.

Except as granted above, the remainder of Plaintiff's motion to compel is denied without prejudice.